IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY DARRYL KITCHEN, JR.,

    Petitioner,                       No. CIV S-07-0701 MCE DAD P

    vs.

TOM FELKER, Acting Warden,

    Respondent.                     ORDER

_____/

       This matter came before the court on February 1, 2008 for a hearing on respondent's motion to dismiss, filed on November 27, 2007. Charles Bonneau appeared on behalf of petitioner Terry Kitchen, and Deputy Attorney General Judy Kaida appeared telephonically on behalf of respondent Felker, the Acting Warden of High Desert State Prison.

       In his motion to dismiss the habeas petition, respondent argues that the petition was filed beyond the one-year statute of limitations and that petitioner is not entitled to statutory or equitable tolling. Because the statute of limitations for filing his federal habeas petition began

/////

/////

/////

/////

1  to run on October 13, 2004, the day after petitioner's judgment became final[1] and the federal
2  petition was not filed until April 12, 2007, the pending habeas petition is untimely unless the
3  statute of limitations is tolled.
4          The court finds that although petitioner filed state habeas petitions, he is not
5  entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(A) based upon the filing of those
6  petitions.  Section 2244(d)(1)(A) provides:

> The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any
> period of limitation under this subsection.

10 In this regard, petitioner's habeas petition filed with the Sacramento County Superior Court on
11 October 6, 2005, did not operate to toll the federal statute of limitations.  This is because in
12 denying the state habeas petition, the Superior Court held that "[t]he petition is untimely" and
13 "[r]egardless, his claim is meritless."  (Petition, Ex. Order of Sacramento Superior Court, dated
14 10/26/05, at 2.)  An untimely filed state habeas petition is not properly filed and does not toll the
15 statute of limitations under § 2244.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)
16 ("Because the state court rejected petitioner's . . . [post-conviction] petition as untimely, it was
17 not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")  As the Ninth
18 Circuit has held:
19 /////
20 /////
21 /////

---

[1] The California Supreme Court denied the petition for review on July 14, 2004.  The judgment of conviction therefore became final on October 12, 2004, 90 days after the denial of the petition for review and following the time petitioner had to file a petition for writ of certiorari with the United States Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

> The fact that California provides exceptions to its timely filing requirement does not prevent a late application from being considered improperly filed. Neither does the fact that the superior court also denied Bonner's petition on the merits save his petition. Because the California courts dismissed Bonner's petition as untimely, his petition was not properly filed under AEDPA.

Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (internal quotation marks omitted).

Subsequently, petitioner filed state habeas petitions with the California Court of Appeal for the Third Appellate District and the California Supreme Court. Both of those petitions were summarily denied. This court looks through those unexplained rulings to the Superior Court decision to determine whether the petitions were properly filed. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same grounds."). Because petitioner's habeas petition filed with the Sacramento County Superior Court was denied as untimely, there is no statutory tolling of the federal limitations period for the time petitioner's state habeas petitions were pending before the Superior Court, the California Court of Appeal and California Supreme Court.

Next, this court must consider whether petitioner is entitled to equitable tolling of the AEDPA statute of limitations. Petitioner has the burden of establishing his entitlement to equitable tolling. See Pace, 544 U.S. at 418. Generally, to be entitled to equitable tolling a petitioner must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Whether there are grounds for equitable tolling is highly fact-dependent and the court must allow expansion of the record or an evidentiary hearing before making its ruling. See Laws v. Lamarque, 351 F.3d 919, 922 & 924 (9th Cir. 2003) (holding that district court erred in not allowing discovery and expansion of the factual record

where the petitioner claimed he suffered from a mental condition that prevented him from filing a timely petition); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) ("[W]hether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record."). It is also well-established that a habeas petitioner's mental condition can be an extraordinary circumstance beyond his control that justifies equitable tolling. Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003); see also Laws, 351 F.3d at 923.

       Here, petitioner contends that he is entitled to equitable tolling because of his young age and developmental delay. At oral argument on the pending motion, petitioner's counsel requested an opportunity to submit further documentation and to file a motion for an evidentiary hearing. Respondent opposed the requests, arguing that petitioner had the opportunity to advance such arguments in his opposition to respondent's motion to dismiss. Despite respondent's objection, in light of the Ninth Circuit's admonition to allow development of the record before making a determination whether equitable tolling is appropriate in cases involving the petitioner's mental condition or abilities, the court will provide petitioner with an opportunity to request an evidentiary hearing and/or supplement the record.[2]

/////

---

[2] In addition, one week after oral argument in this case, the Ninth Circuit Court of Appeals filed its decision in Harris v. Carter, ___F.3d___, 2008 WL 341712 (9th Cir. Feb. 8, 2008). In that decision, the court found that the petitioner had relied upon Ninth Circuit precedent as it existed prior to the Supreme Court's decision in Pace in concluding that he could properly delay in filing his federal habeas petition until he had exhausted his remedies in state court. 2008 WL 341712 at *5. Because the federal petition became untimely only after the Supreme Court overruled controlling Ninth Circuit precedent, the court concluded that this was the type of extraordinary circumstance justifying a grant of equitable tolling. Id. The undersigned anticipates, based upon arguments previously advanced by petitioner in opposition to respondent's motion to dismiss, that this ground for equitable tolling will also be presented by petitioner.

4

Accordingly, IT IS HEREBY ORDERED that within thirty days from the service of this order, petitioner shall either file a supplemental opposition to respondent's motion to dismiss including any exhibits, declarations or other documents in support of petitioner's claim of entitlement to equitable tolling of the statute of limitations. Respondent shall file a supplemental reply, if any, within fifteen days thereafter. In the alternative, petitioner shall file a motion for an evidentiary hearing, noticing the matter on the court's law and motion calendar and the parties shall comply with the briefing requirements set forth in Local Rule 78-230 in connection with any such motion.

DATED: March 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
kitc0701.oah