IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY DARRYL KITCHEN, JR.,

    Petitioner,                      No. CIV S-07-0701 MCE DAD P

    vs.

TOM FELKER, Acting Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

         Petitioner, a state prisoner represented by counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's renewed motion to dismiss the pending habeas petition as untimely because petitioner is not entitled to equitable tolling of the applicable statute of limitations. Petitioner has filed his response to the motion and respondent has filed a reply.

BACKGROUND

         On November 27, 2007, respondent first moved to dismiss the pending habeas as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244. Therein, respondent argued that the pending petition was filed well-beyond the statutory period and that petitioner was entitled to neither statutory nor equitable tolling. Following a hearing on the motion, the court determined that because the statute of limitations for the filing of an application for federal

1

habeas relief by petitioner began to run on October 13, 2004, and the pending petition was not filed until April 12, 2007, the petition was untimely unless petitioner was entitled to tolling. (Order filed Mar. 10, 2008, (Doc. No. 18) at 1-2.)  The court also concluded that petitioner was not entitled to statutory tolling of the limitations period because his state habeas petitions had been denied as untimely.  (Id. at 2-3) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) and Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005)).  With respect to petitioner's argument that he was entitled to equitable tolling of the statute of limitations, the court noted that petitioner's counsel requested the opportunity to file a motion for an evidentiary hearing and to supplement the record.  (Id. at 4.)  Over respondent's objection, the court granted petitioner's request, noting the Ninth Circuit's frequent admonition to allow development of the record before making a determination of whether equitable tolling of the AEDPA statute of limitations is appropriate in cases involving a petitioner's mental condition or abilities.  (Id.)

Thereafter, following the granting of extensions of time, on May 19, 2008, petitioner filed a motion for an evidentiary hearing.  Respondent filed a non-opposition to the motion.  Accordingly, on June 20, 2008, the court granted the motion for evidentiary hearing, denied respondent's motion to dismiss the petition without prejudice to its renewal and set the matter for evidentiary hearing. (Doc. No. 27.)  The evidentiary hearing with respect to petitioner's claim of entitlement to equitable tolling of the statute of limitations was conducted on October 21, 2008.  At that time the court heard testimony from Dr. Laura Doty, a psychologist, and Charles Eyster, the defense attorney who represented petitioner in his state trial court proceedings.  In addition, a number of exhibits were introduced into evidence for the court's consideration.

Following the hearing, respondent filed a renewed motion to dismiss the petition as time-barred, arguing that petitioner had not presented evidence establishing that equitable tolling of the statute of limitations was appropriate in this case. (Doc. No. 46.)  Counsel for petitioner filed an opposition to the motion.  (Doc. No. 48.)  Respondent has filed a reply.  (Doc.

No. 49.) For the reasons set forth below, the court concludes that petitioner has not satisfied his burden of establishing that he has pursued his rights diligently and that extraordinary circumstances beyond his control prevented him and his counsel from timely filing his federal habeas petition.

## THE ARGUMENTS OF THE PARTIES

I. Respondent's Motion to Dismiss

Respondent asserts that the one-year statute of limitations applicable to petitioner's application for federal habeas relief began to run on October 13, 2004 but that petitioner did not file his petition in this court until April 12, 2007. (Renewed Mot. to Dismiss (Doc. No. 46) (hereinafter MTD) at 6.) Respondent notes that the court has previously determined that petitioner is not entitled to statutory tolling and that the pending petition is time-barred unless petitioner is entitled to equitable tolling for a sufficient period of time so as to render his petition timely. (Id.)

Respondent suggests that in order to obtain equitable tolling based upon his mental condition, petitioner must establish that he was mentally incompetent to stand trial during the relevant time period under the standard announced in Dusky v. United States, 362 U.S. 402 (1960). (Id. at 7.) Respondent contends that petitioner's assertion that he suffered from developmental delay does not meet that demanding standard. (Id.) Respondent also points out that none of the five attorneys who represented petitioner during his criminal trial, appeal, and habeas proceedings, ever claimed that petitioner was mentally incompetent. (Id.) In fact, according to respondent, during a hearing on petitioner's motion to withdraw his guilty plea before the trial court, his Deputy Public Defender specifically argued that petitioner was competent to stand trial in urging the court to grant the motion. (Id.) In addition, respondent contends that petitioner's trial attorney, Charles Eyster, essentially testified at the evidentiary hearing before this court that petitioner was competent during the time of his representation. (Id.)

1          Respondent asserts that there is no evidence before this court that petitioner, at age eighteen when the statute of limitations for the filing of a federal habeas petition began to run, was incapable of using the court's form habeas petition and writing down the facts that explained why he believed his conviction was improperly obtained. (Id. at 7-8.) Respondent argues that, in contrast, there is substantial evidence before the court that petitioner could have filed a timely federal habeas petition if he had acted diligently. (Id. at 8.)  In this regard, respondent notes that California Welfare and Institutions Code § 4512 defines "developmental disability" as a disability which originates before the age of eighteen and can continue indefinitely. (Id.) Respondent argues that petitioner's alleged "developmental delay" condition would be expected to be a constant over time and yet audio recordings and videotapes of petitioner's interviews by police in 2001 and petitioner's own testimony at the hearing on his motion to withdraw his guilty plea, reflect that petitioner can both understand questions and legal concepts and effectively communicate. (Id.) Respondent asserts that the evidence before this court indicating that petitioner does not suffer from a mental condition that prevented him from timely seeking federal habeas relief includes: his factual statement explaining and describing the crimes underlying his juvenile court adjudication in 2000; his letters to his current attorney written from 2006-08; a California Department of Corrections report in March 2003 describing petitioner as having "high cognitive test scores" and as not requiring an "adaptive functioning evaluation;" his adult basic education test scores from 2003-06 demonstrating his progressive educational proficiency; and his total grade point level of 9.9 as of March 2006. (Id. at 8-9.)

          Respondent contends that although petitioner was capable of using the court's form habeas petition to challenge his conviction in federal court he chose not to do so, apparently preferring to have an attorney file his petitions instead. (Id.) Respondent argues that petitioner has no right to counsel in these habeas proceedings and by choosing to have counsel seek habeas relief on his behalf, petitioner must bear the consequences if his counsel was mistaken and/or negligent in his advice and performance in connection with those filings. (Id. at 9-10.)

As to the opinions expressed by psychologist Laura Doty in her testimony at the evidentiary hearing, respondent argues that Dr. Doty's assessments of petitioner in 2001 and 2003 did not address petitioner's mental competency between October 13, 2004 and April 12, 2007 when the AEDPA statute of limitations was running. (Id. at 12.) Moreover, according to respondent, Dr. Doty's opinion does not establish that petitioner could not have met the standard for mental competency to proceed to trial during time period critical to the issue of equitable tolling. (Id.) Respondent notes that Dr. Doty's 2006 psychological report does not even establish that petitioner suffered from a developmental delay at that time. (Id.) In this regard, respondent contends that even in November 2000, less than one year before petitioner committed his crimes of conviction, neither Dr. Doty nor an examining psychiatrist found petitioner to be developmentally delayed. (Id.)[1]

Lastly, respondent repeats the argument that petitioner is not entitled to equitable tolling of the AEDPA statute of limitations based on any alleged negligence by his current counsel in failing to timely seek federal habeas relief. (Id. at 15.)

II. Petitioner's Response

Petitioner opposes respondent's motion to dismiss by addressing the issues raised therein in reverse order. First, in response to the argument that his alleged negligence in failing to timely seek federal habeas relief on behalf of his client does not provide grounds for equitable

---

[1] Respondent also reasserts a Daubert objection to Dr. Doty's testimony, first raised at the evidentiary hearing, on the ground that her expert testimony had no sound scientific basis. (MTD at 12.) In this regard, respondent argues that Dr. Doty's testimony did not establish that the question of the mental capacity to manage one's legal affairs by persons able to read, write and converse has ever been the subject of scientific research subjected to peer review. (Id. at 12-13.) In addition, respondent asserts that petitioner has not satisfied his burden of explaining Dr. Doty's methodology and demonstrating in an objectively verifiable way that the scientific method used was reliable and followed. (Id. at 13.) Respondent notes that the issue is not whether the tests administered to petitioner by Dr. Doty were standard or well-accepted, but whether the tests she used scientifically measure whether a person can manage his legal affairs with or without assistance. (Id.) For these reasons, and because her impartiality is subject to question, respondent argues that Dr. Doty's testimony is inadmissible and, in any event, should be accorded no weight. (Id. at 14.)

5

1  tolling, petitioner's counsel agrees. (Opp'n at 2.) However, petitioner's counsel asserts that
2  "until the investigation into [petitioner's] mental competence was complete, petitioner was
3  effectively on his own." (Id.)

4  Second, petitioner's counsel argues that Dr. Doty's expert testimony is admissible
5  and properly considered by the court. (Id.) According to petitioner, unlike the controversial
6  methodology utilized by the expert witness in the Daubert case, here the standardized testing
7  administered to petitioner is well-established and Dr. Doty's testimony based upon that testimony
8  and other available evidence meets the Daubert test for admissibility. (Id. at 2-3.) Petitioner's
9  counsel observes that respondent listed several expert witnesses on its evidentiary hearing
10 witness list but called none of those experts to testify, instead electing to merely offer the reports
11 of their testing for the court's consideration at the hearing. (Id. at 3 n.1.) Petitioner argues that
12 respondent therefore cannot seek the exclusion of Dr. Doty's testimony on Daubert grounds and
13 at the same time offer the same sort of expert opinion to the court. (Id.)

14 According to petitioner's counsel, the issue here is the cognitive development of
15 teenagers as applied to petitioner during the relevant time period. (Id. at 2.) Petitioner's counsel
16 expresses his agreement with respondent's acknowledgment that petitioner's competency prior to
17 and after the period of time at issue is still relevant in assessing petitioner's alleged
18 developmental delay. Counsel argues that petitioner's cognitive abilities from 2004 through
19 2006 can be interpolated by reference to school reports and psychological examinations from
20 2000 along with the focused testing and psychological interview administered by Dr. Doty in
21 2006. (Id. at 2.)

22 Next, petitioner's counsel asserts that his client's mental condition prevented the
23 timely filing of his federal habeas petition. (Id. at 3.) Citing the decisions in Calderon v. United
24 State District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) and Laws v. Lamarque, 351 F.3d 919
25 (9th Cir. 2003), petitioner's counsel contends that mental disabilities have been accepted as a
26 ground for equitable tolling. Nonetheless, according to petitioner's counsel, the cases

6

1  recognizing this principle have not provided precise guidance for determining when a petitioner's
2  mental condition makes equitable tolling of the AEDPA statute of limitations appropriate.
3  Petitioner's counsel argues that the underlying assumption of the cases considering mental
4  impairment as a basis for equitable tolling is that competence to function as one's own attorney is
5  equivalent to competence to stand trial.  (Id. at 3-4.)  However, petitioner asserts, in Indiana v.
6  Edwards, ___U.S.___, 128 S. Ct. 2379 (2008) the Supreme Court clarified that the standard for
7  determining a defendant's ability to represent himself is not the same as the standard for
8  determining whether the defendant is competent to stand trial.  (Id. at 4.)  Petitioner asserts that
9  instead, the decision in Edwards suggests that there is no uniform standard for determining a
10 defendant's competence.  (Id. at 5.)  Petitioner also contends that Edwards establishes that in
11 determining whether one is competent to act as his own attorney, the court should consider the
12 legal task to be performed.  (Id. at 5-6.)  Petitioner's counsel notes that Dr. Doty testified that
13 based on her analysis of the results of standardized testing, petitioner would be unable to fill out
14 the form federal and state habeas petitions.  (Id. at 6.)  Petitioner's counsel argues that while in
15 some cases a habeas petitioner need do little more than copy his state appellate court briefs in
16 seeking habeas relief, in this case petitioner was required to engage in the intellectual task of both
17 understanding and articulating that fact that he suffered from a lack of mental competence at the
18 time his criminal case was set for trial.  (Id.)  Petitioner observes that, as Dr. Doty explained in
19 her testimony, given the complex and introspective claims to be presented, the task of completing
20 the form state and federal habeas petitions was beyond petitioner's abilities.  (Id.)  Petitioner
21 submits that here, the evidence before the court establishes that in light of the relatively complex
22 nature of the claims, petitioner lacked the mental ability to submit a timely federal habeas
23 petition.  (Id. at 7.)
24 /////
25 /////
26 /////

Counsel contends that petitioner is entitled to equitable tolling of the AEDPA statute of limitations from October 14, 2004[2], when the state's direct review process ended, until May 7, 2006, when Dr. Doty verified the existence of grounds for petitioner's federal constitutional claim that his right to due process was violated because he was not competent to stand trial at the time he entered his guilty plea. (Id. at 9.) Petitioner notes that not until May 7, 2006, did Dr. Doty forward the completed psychological evaluation establishing petitioner's developmental delay condition to his counsel. (Id.) Petitioner contends that since his federal habeas petition was filed less than one year later, on April 12, 2007, it was timely filed. (Id.) Petitioner argues that the late discovery and articulation of petitioner's developmental delay condition adequately explains and excuses his failure to seek federal habeas relief based on that condition prior to May 7, 2006. (Id.) Petitioner notes that courts have held that a habeas petitioner may overcome procedural default by showing that a factual or legal basis for a particular claim was not reasonably available to counsel. (Id. at 9-10.) Thus, according to petitioner, while his counsel may have suspected that petitioner suffered from developmental delay, counsel could not present a persuasive claim of entitlement to federal habeas relief based thereon until a psychologist had interviewed and tested petitioner, completed her report, and forwarded it to counsel. (Id. at 10.) Petitioner concludes that under these unique circumstances, he is entitled to equitable tolling of the AEDPA statute of limitations.

III. Respondent's Reply

Respondent replies that the Supreme Court's decision in Edwards has no application here. (Reply at 2.) Respondent contends that in Edwards, the Supreme Court concluded that the states may require a defendant to be represented by counsel even though the defendant has been deemed competent to stand trial under Dusky v. United States. (Id.)

---

[2] According to the court's calculation, the petitioner's judgment of conviction became final on October 12, 2004, and the one year statute of limitations for the filing of a federal petition began to run on October 13, 2004. This minor discrepancy in the commencement of the statute of limitations does not affect the resolution of the pending motion to dismiss.

However, according to respondent, <u>Edwards</u> did not announce or even suggest a new competency standard in determining the appropriateness of equitable tolling the AEDPA statute of limitations. (<u>Id.</u> at 2-3.) Respondent argues that petitioner has failed to establish that between October 12, 2005 and April 12, 2007, his developmental delay condition was such that he could not have met the standard for competency to proceed with trial. (<u>Id.</u> at 3.) Therefore, according to respondent, petitioner has failed to affirmatively demonstrate that he qualifies for equitable tolling of the statute of limitations for the filing of his federal habeas petition. (<u>Id.</u>) In conclusion, respondent notes that a number of district courts in this circuit have rejected equitable tolling of the AEDPA statute of limitations in similar cases where habeas petitioners alleged mild mental retardation and/or some degree of mental illness that made it impossible for them to seek federal habeas relief in a timely fashion. (<u>Id.</u>)

## ANALYSIS

As noted above, the court has previously found that:

> Because the statute of limitations for filing his federal habeas petition began to run on October 13, 2004, the day after petitioner's judgment became final [fn. omitted] and the federal petition was not filed until April 12, 2007, the pending habeas petition is untimely unless the statute of limitations is tolled.
>
> * * *
>
> Because petitioner's habeas petition filed with the Sacramento County Superior Court was denied as untimely, there is no statutory tolling of the federal limitations period for the time petitioner's state habeas petitions were pending before the Superior Court, the California Court of Appeal and California Supreme Court.
>
> Next, this court must consider whether petitioner is entitled to equitable tolling of the AEDPA statute of limitations. Petitioner has the burden of establishing his entitlement to equitable tolling. <u>See</u> <u>Pace</u>, 544 U.S. at 418. Generally, to be entitled to equitable tolling a petitioner must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Id.</u> "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" <u>Lott v. Mueller</u>, 304 F.3d 918, 922 (9th Cir. 2002) (quoting <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999)). Whether there are

> grounds for equitable tolling is highly fact-dependent and the court must allow expansion of the record or an evidentiary hearing before making its ruling. See Laws v. Lamarque, 351 F.3d 919, 922 & 924 (9th Cir. 2003) (holding that district court erred in not allowing discovery and expansion of the factual record where the petitioner claimed he suffered from a mental condition that prevented him from filing a timely petition); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) ("[W]hether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record."). It is also well-established that a habeas petitioner's mental condition can be an extraordinary circumstance beyond his control that justifies equitable tolling. Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003); see also Laws, 351 F.3d at 923.

(Order filed Mar. 10, 2008, (Doc. No. 18) at 1-4.)

I. Equitable Tolling[3]

The purpose of equitable tolling "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) (internal quotation marks omitted). Nonetheless, "the threshold necessary to trigger equitable tolling . . . is very high, lest the exception swallow the rule. Waldroz-Ramsey v. Pachoke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)). The requirement that petitioner has the burden of establishing "extraordinary circumstance" necessarily suggests the rarity of equitable tolling. Id. Moreover, equitable tolling of the AEDPA statute of limitations requires that those "extraordinary circumstance," rather than oversight, miscalculation or negligence on the part of the petitioner, actually caused the untimely habeas filing. Id.; Harris, 515 F.3d at 1055.

---

[3] The United States Supreme Court has assumed, without deciding, that equitable tolling applies to the AEDPA statute of limitations. See Lawrence v. Florida, 549 U.S. 327, 336 (2007). The Ninth Circuit has held that it does. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Townsend v. Knowles, 562 F.3d 1200, 1203 (9th Cir. 2009); Harris v. Carter, 515 F.3d 1051, 1055 n.4 (9th Cir.), cert. denied sub nom. Brunson v. Harris, ___U.S.___, 129 S. Ct. 397 (2008).

II. Proposed Period for Equitable Tolling

Here, petitioner seeks equitable tolling of the statute of limitations from October 13, 2004 (when the limitations period began to run) until May 7, 2006 (when Dr. Doty's assessment of petitioner was received by counsel), a period of almost nineteen months. If the statute of limitations were equitably tolled for the requested length of time, petitioner's federal habeas petition filed on April 12, 2007, would be rendered timely.

Based upon petitioner's arguments, the files and records of this case and the evidence presented at the hearing, the court finds the following to be arguably significant events taking place during, and shortly after, the time period petitioner suggests should be equitably tolled. On October 13, 2004, the one-year statute of limitations for the filing of a federal habeas petition began to run. Petitioner was unrepresented from that date until April 6, 2005, when current counsel was retained to pursue habeas relief on his behalf.[4] Six months later, on October 6, 2005, counsel sought habeas relief on behalf of petitioner by filing a petition in the Sacramento County Superior Court. Therein, petitioner alleged for the first time that petitioner had received ineffective assistance of trial counsel and that his guilty plea was involuntary because of his trial attorney's inaccurate advice regarding the potential sentence petitioner faced if he proceeded to trial. (Resp't's Lodged Docs. (Doc. No. 17) Doc. F.) On October 26, 2005, the Sacramento County Superior Court denied that habeas petition as untimely. Five months later, in March of 2006, counsel retained Dr. Doty to administer psychological testing and conduct an assessment of petitioner.[5] On May 7, 2006, Dr. Doty's report was received by petitioner's counsel. On July 14, 2006, counsel for petitioner filed a habeas application in the California Court of Appeal for the Third Appellate District containing both the ineffective assistance of counsel claims described above and the new claim that petitioner's guilty plea was

---

[4] Before being retained to pursue habeas relief, current counsel had filed the petition for review on petitioner's behalf with the California Supreme Court.

[5] Dr. Doty testified regarding his retention for this purpose at the evidentiary hearing.

coerced and involuntary because he was too young and immature to testify on his own behalf and therefore was not provided with an alternative to pleading guilty since he could not receive a fair trial. (Id., Doc. G.)  On July 20, 2006, that petition was summarily denied.  Within days, on August 9, 2006, petitioner's counsel filed a habeas petition with the California Supreme Court setting forth these same claims.  On April 4, 2007, that petition was summarily denied.  Shortly thereafter, on April 12, 2007, counsel for petitioner filed the pending application for federal habeas relief with this court.

III.  Extraordinary Circumstances

In connection with the pending motion, the parties have devoted considerable argument to the nature and effect of Dr. Doty's assessment of petitioner's mental capabilities, the degree of mental defect from which a petitioner must suffer before equitable tolling of the statute of limitations is appropriate, and the evidence regarding petitioner's ability to complete state and federal form habeas petitions.  However, the court concludes that the discussion of such issue is relevant only to consideration of the first five and a half months during which the AEDPA statute of limitations was running while petitioner was unrepresented.  Most importantly, it is undisputed that for over thirteen months of the time period petitioner claims should be equitably tolled, he was represented by counsel.  While the fact that petitioner was represented for most of the period in time in question does not preclude equitably tolling, it certainly plays a role in assessing whether petitioner has demonstrated the existence of extraordinary circumstances justifying such tolling.  See Korolev v. Kirkland, No. C-05-04992 MMC, 2008 WL 2037676, at *3 (N.D. Cal. May 12, 2008) ("Although proceeding with the assistance of counsel does not preclude a petitioner's reliance on the doctrine of equitable tolling, such petitioner is required to allege the existence of some 'extraordinary circumstance' that prohibited counsel from timely filing the petition.").  As of April 6, 2005, when counsel was retained for purposes of pursuing habeas relief, the relevant question is whether extraordinary circumstances prevented counsel, not petitioner, from filing a timely federal petition.  Petitioner bears the burden of showing

extraordinary circumstances prevented counsel from doing so. The court concludes that petitioner has not carried that burden.

The Ninth Circuit has addressed a similar issue in <u>Miranda v. Castro</u>, 292 F.3d 1063 (9th Cir. 2002). There, the petitioner argued that he was entitled to equitable tolling because his state appellate counsel wrote to him with an inaccurate calculation (by one year) of when any federal habeas petition would have to be filed on his behalf under the AEDPA statute of limitations. 292 F.3d at 1065-66. Petitioner argued that he had relied to his detriment on the faulty advisement of counsel, with his family taking the time to save the money necessary to hire an attorney who eventually filed the federal habeas petition before the erroneously calculated deadline expired, and therefore should be entitled to equitable tolling. <u>Id.</u> at 1066. In rejecting petitioner's argument the Ninth Circuit stated it was joining a host of other circuits in concluding that attorney error or mistake cannot serve to justify equitable tolling of the AEDPA statute of limitations. 292 F.2d at 1067. The court stated:

> We recently addressed the question whether an attorney's negligence in calculating the due date for a federal habeas petition, and concomitant late filing of such petition, meet this high threshold of extraordinary circumstances sufficient to warrant equitable tolling. <u>See</u> <u>Frye v. Hickman</u>, 273 F.3d 1144 (9th Cir.2001) <u>cert. denied</u>,535 U.S. 1055 (2002) (parallel citations omitted). We answered the question in the negative, conclud[ing] that the miscalculation of the limitations period by . . . counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. <u>Id.</u> at 1146. [fn. omitted.] Unless Miranda can somehow distinguish <u>Frye</u>, then, he is not entitled to equitable tolling.
>
> * * *
>
> <u>Frye</u>, then cannot be distinguished as Miranda attempts. It controls, and make clear that his attorney's "miscalculation" of the limitations period . . . and her negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." <u>Frye</u>, 273 F.3d at 1146.

292 F.2d at 1067-68. <u>See also</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (rejecting the argument that a state post-conviction counsel's mistake justified tolling of the AEDPA statute of

13

limitations because, "[i]f credited, this argument would essentially equitably toll limitations for every person whose attorney missed a deadline."); Hall v. Yates, No. Civ. S-08-2910 FCD EFB P, 2009 WL 4730906, at *3 (E.D. Cal. Dec. 7, 2009) (recognizing that the situation was "regrettable" but rejecting claim of entitlement to equitable tolling where petitioner's counsel erroneously believed that the AEDPA statute of limitations did not begin to run until the California Supreme Court denied habeas relief and thus filed petitioner's application for federal habeas relief at least 99-days late); Taylor v. Evans, No. CIV S-05-0869 RRB GGH P, 2008 WL 313623, at *7 n.11 (E.D. Cal. Feb. 4, 2008) (concluding that although counsel attempted to take the blame for failing to file a timely amended federal petition, nothing in the record showed the type of egregious attorney conduct required to justify equitable tolling); Bahoda v. Jackson, Civil No. 05-CV-74228, 2009 WL 982201, at *8 (E.D. Mich. April 13, 2009) (noting that petitioner was represented by counsel at every critical stage of the proceedings and finding that counsel's necessarily time-consuming preparation of habeas pleadings and review of voluminous documents and complex record in drafting that petition failed to entitle petitioner to equitable tolling).

This is not to say that habeas counsel's performance in this matter was negligent in any way. The undersigned believes that it was not. In the wake of the AEDPA the law regarding the proper procedures to be employed by habeas petitioners and by the federal courts considering their petitions, including the interpretation of California law as it may effect the application of those procedures, has often developed in strange ways. For instance, in Bonner v. Carey, 425 F.3d 1145, 1149 n.20 (9th Cir. 2005), the court noted that it was "ironic indeed" that

/////
/////
/////
/////
/////

the complicated procedure[6] necessitated under the Supreme Court's decision in Pace derives from the AEDPA, a statute that was supposedly intended to "streamline and simplify" the complicated habeas process.  In addition, the undersigned has commented on the seemingly unnecessarily complex task of determining whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had those courts elected to consider the issue, which the district courts must now perform as mandated by the decision in Evans v. Chavis, 546 U.S. 189, 197 (2006).  See Jaladian v. Sisto, No. Civ. S-07-1930 JAM DAD P, 2009 WL 2252532, at *4, n.7 (E.D. Cal. July 28, 2009); Thomas v. Scribner, No. Civ. S-04-0733 MCE DAD P, 2006 WL 2711667, at *6, n.14 (E.D. Cal. Sept. 21, 2006).  These are just two examples of how difficult it now is "to navigate the byzantine labyrinth that federal habeas corpus procedure has become." Kane v. Moore, No. Civ. 08-0913 JAM DAD P, 2009 WL 464455, at *4, n.4 (E.D. Cal. Feb. 24, 2009).  Petitioner's habeas counsel in this case was retained just weeks after the Supreme Court rendered its decision in Pace and a few months before the Ninth Circuit's decision in Bonner v. Carey.  The court is confident that, in retrospect, counsel wishes that he had filed a protective federal habeas petition with a motion for stay and abeyance (as alluded to in Pace) simultaneously with the habeas petition in the Sacramento County Superior Court.[7]  However, counsel was not negligent in failing to do so nor was the

/////

---

[6] In Pace the petitioner challenged the fairness of the Supreme Court's interpretation of the AEDPA statute of limitations, arguing that a petitioner who was in good faith attempting to properly exhaust his state remedies may litigate for years in state court only to find out at the end of that process that his state petitions were never "properly filed" and that his federal habeas petition was now time-barred.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  In language that petitioner here can take no comfort in, the Supreme Court rejected this argument, stating: "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Id.

[7] Such a protective federal habeas petition may have included a claim based upon counsel's belief that petitioner likely suffered from developmental delay and that his guilty plea was therefore involuntary.

15

decision to embark on the chosen course of action an egregious one that might justify equitable tolling in this case.

Were the court to conclude in this case that petitioner was not competent to file a pro se habeas petition due to his developmental delay condition, he would be entitled to equitable tolling only for the five months he was without counsel while the statute of limitations ran. That brief period of equitable tolling, however, would not render his federal habeas petition timely. Rather, the petition pending before this court would still have been filed at least one year after the statute of limitations had expired. Petitioner has acknowledged that an attorney's miscalculation of the statute of limitations is not grounds for equitable tolling and he has presented no grounds other than his own mental condition upon which his petition could be deemed timely filed.

CONCLUSION

For all of the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's November 12, 2008 renewed motion to dismiss the habeas petition as untimely (Doc. No. 46), be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

/////
/////
/////
/////
/////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
kitc0701.mtd2